**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HAMADI SOULEMAN | |
| Petitioner, | NO. 3:11-CV-1347 |
| v. | (JUDGE CAPUTO) |
| ERIC H. HOLDER, JR., et al., | |
| | (MAGISTRATE JUDGE BLEWITT) |
| Respondents. | |

**MEMORANDUM**

Before the Court is Magistrate Judge Blewitt's report and recommendation ("R&R") (Doc. 10) on petitioner Souleman's writ of habeas corpus petition along with Mr. Souleman's objections and the government's response. In his petition, Mr. Souleman argued he should be released from Immigration and Customs Enforcement ("ICE") custody because his prolonged detention violated the 180-day presumptively reasonable period for removal under *Zadvydas v. Davis* 533 U.S. 678 (2001). Magistrate Judge Blewitt recommended the petition be denied as moot since the government represented to the Court that Mr. Souleman had been already been removed from the United States. Mr. Souleman then objected that he had not been removed and was still in custody. The government responds that while Mr. Souleman has not been removed, he is no longer in ICE custody. Rather, he is in the custody of the Warden of the Perry County Prison in New Bloomfield, Pennsylvania pending trial on a single count of Hindering Removal. Because Mr. Souleman is no longer in ICE custody, the Court will dismiss his petition as moot.

**BACKGROUND**

Mr. Souleman is a native and citizen of the Central African Republic who entered

the country on October 29, 2001 on a B-2 visitor visa. While his visa authorized him to stay for 90 days, he stayed beyond that period. The immigration court ordered him removed on September 15, 2010. After the Board of Immigration Appeals denied his appeal, Mr. Souleman became subject to a final order of removal on February 15, 2011. Mr. Souleman filed his petition for a writ of habeas corpus on July 14, 2011, asking the Court to order ICE to release him from custody.

The Court issued an Order to Show Cause on August 1, 2011, directing the government to file a response on or before August 21, 2011. In its response, the government argued that ICE removed Mr. Souleman to the Central African Republic on August 16, 2011, making his petition moot. The government submitted a computer print-out showing that Petitioner was removed on August 16 in support of its argument. Based on this information, Magistrate Judge Blewitt recommended the petition be dismissed as moot. The government claims it was unaware at the time it filed its response that ICE was unable to remove him. ICE officials took Mr. Souleman to Dulles airport in Washington, D.C., and attempted to seat him on a plane to the Central African Republic. However, Mr. Souleman "physically resisted when officers attempted to seat him on the plane" and the "[p]ilot would not allow [Mr. Souleman] on the plane." Unable to execute his removal, ICE officers returned Mr. Souleman to the York County Prison, and ICE referred the case to the Middle District of Pennsylvania United States Attorney's Office for prosecution.

Following the August 16, 2011 attempted removal, Mr. Souleman filed an objection to the Magistrate Judge's R&R. He also filed a traverse. In both he argued that he had not been removed and that his prolonged detention by ICE violated the 180-day presumptively reasonable period for removal.

2

On September 14, 2011, the District Court for the Middle District of Pennsylvania indicted Mr. Souleman for Hindering Removal in violation of 8 U.S.C. § 1253(a)(1)(C). The charges state that Mr. Souleman, beginning as early as May 26, 2011, and continuing until August 16, 2011, "connive[d], conspire[d], and [took] other action, designed to prevent and hamper and with the purpose of preventing and hampering his departure from the United States." On September 20, 2011, the court ordered Mr. Souleman's detention pending trial. The magistrate judge conducted a detention hearing in accordance with § 3142(f) and found there was a "serious risk the defendant would not appear" and that no "condition or combination of conditions of release . . . will reasonably assure" Mr. Souleman's appearance. The magistrate judge thus ordered Mr. Souleman's detention under the Bail Reform Act, 18 U.S.C. § 3142. The court remanded Mr. Souleman to the custody of the United States Attorney General. Mr. Souleman is currently in the custody of the Warden of the Perry County Prison in New Bloomfield, Pennsylvania.

In its response to the R&R, the government argues that the petition is still moot because Mr. Souleman is not in ICE custody; he is the custody of the Attorney General awaiting trial on a charge of evading removal.

## STANDARD OF REVIEW

Where objections to the magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual

3

findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the Court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

## DISCUSSION

The Court will adopt the Magistrate Judge's R&R and dismiss the petition as moot because Mr. Souleman is no longer in ICE custody.

Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *Deakins v. Monaghan*, 484 U.S. 193 (1988). To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision, *Allen v. Wright*, 468 U.S. 737, 750-75 (1984). Article III denies federal courts the power "to decide questions that cannot affect the rights of litigants in the case before them," *North Carolina v. Rice*, 404 U.S. 244, 246 (1971), and confines them to resolving " 'real and substantial controvers [ies] admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.' " *Id.* "This case-or-controversy requirement subsists

through all stages of federal judicial proceedings, trial and appellate.... The parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Spencer v. Kemna*, 523 U.S. 1, 6 (1999) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-478 (1990)). To sustain jurisdiction, "it is not enough that a dispute was very much alive when suit was filed, or when review was obtained in the Court of Appeals." *Lewis*, 494 U.S. 472 (internal citation omitted).

A prisoner may seek federal habeas relief only if he is *in custody* in violation of the constitution or federal law. 28 U.S.C. § 2254(a) (emphasis added); *DeFoy v. McCullough*, 393 F.3d 439, 441 (3d Cir. 2005). Moreover, a petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition. *DeFoy*, 393 F.3d at 441 (internal citation omitted).

Mr. Souleman's petition no longer meets the "case or controversy" requirement of Article III. Specifically, he is no longer suffering the injury alleged in his petition – he is not in ICE custody. Rather, he is in the custody of the Attorney General awaiting trial on a criminal charge. Therefore his petition is moot.

## CONCLUSION

The Court will adopt the Magistrate Judge's R&R and dismiss Mr. Souleman's application because it is moot.. An appropriate order follows

 1/6/12                                                                                   /s/ A. Richard Caputo
Date                                                                                      A. Richard Caputo
                                                                                          United States District Judge

5

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HAMADI SOULEMAN | |
| Petitioner, | NO. 3:11-CV-1347 |
| v. | (JUDGE CAPUTO) |
| ERIC H. HOLDER, JR., et al., | |
| Respondents. | (MAGISTRATE JUDGE BLEWITT) |

## ORDER

**NOW**, this  6th  day of January, 2012, **IT IS HEREBY ORDERED THAT** Magistrate Judge Blewitt's R&R (Doc. 10) is **ADOPTED**. Mr. Souleman's petition for writ of habeas corpus (Doc. 1) is **DISMISSED**. The Clerk of Court is directed to mark the case as **CLOSED**.

                                                  /s/ A. Richard Caputo
                                                  A. Richard Caputo
                                                  United States District Judge